NOT FOR PUBLICATION                                  [Docket Nos. 66, 69]

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| RICHARD G. HOLLAND,<br><br>         Plaintiff,<br><br>     v.<br><br>MACERICH, TIMOTHY KORNHUMEL,<br>DEPTFORD MALL SECURITY, DEPTFORD<br>MALL SECURITY GUARD IMPERATO,<br>DEPTFORD MALL SECURITY GUARD<br>ROBERT CHEROBSKI, IPC<br>INTERNATIONAL, INC., AND JANE<br>DOES,<br><br>         Defendants. | Civil No. 09-914 RMB/AMD<br><br>OPINION |

Richard G. Holland
31 S. Academy St.
Glassboro, New Jersey 08028
     Pro se Plaintiff

Kerry M. Parker
Jennifer Barna
Epstein Becker & Green P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
     Attorneys for Defendants Macerich, Deptford, and Robert Cherobski
     [overstruck: Im Defendants Tim Maher Kohn Deptford Robert Cherobski]

Elizabeth A. Wilson
Bolan Jahnsen Dacey
830 Broad Street
Shrewsbury, NJ 07702
     Attorneys for Defendant IPC International Corporation

     BUMB, United States District Judge:

1

Plaintiff claims that the Defendants retaliated against him in violation of the Americans with Disabilities Act ("ADA") and New Jersey's Law Against Discrimination ("LAD"). The Defendants have all moved for summary judgment. For the reasons that follow, that motion is GRANTED.

I.  Background

   A.  Factual

Plaintiff visited the Deptford Mall (the "Mall") on the morning of February 28, 2007 to investigate whether the Mall's handicapped parking was compliant with relevant ADA and LAD laws.[1] Plaintiff was videotaping the parking lot when he was observed by Defendants Janine Imperato and Robert Cherobski, employees of Defendant IPC International Corporation, the Mall's then private security contractor. At the time of Plaintiff's visit, the Mall prohibited visitors from videotaping or taking photographs of the Mall's premises without prior approval from the Mall.

Accordingly, Imperato directed Cherobski to inform Plaintiff of the no-videotaping policy. Cherobski informed Plaintiff of the policy. Plaintiff responded that Cherobski was wrong and that Plaintiff was conducting an assessment of handicapped parking. Plaintiff continued to videotape the parking lot. Defendant Imperato then approached Plaintiff and asked that he

---

[1] Defendant Macerich is the owner of the Mall. Defendant Timothy Korhumel was employed by Macerich as the senior property manager of the mall at the time of Plaintiff's visit.

stop videotaping mall property. Plaintiff again refused, reiterating that he was conducting an assessment of handicapped parking, without further elaboration. Defendants Imperato and Cherobski claim that, throughout this period, they had no idea what Plaintiff was doing.

Plaintiff then directed the video camera at Defendant Imperato and refused to stop despite her request. Plaintiff claims that Imperato struck his head at this point, while Imperato argues that she merely pushed his camera away. Plaintiff then told Imperato that what she was doing was "dangerous." In response, Imperato called the police. Plaintiff claims that he tried to leave at this point, but that Defendant Cherobski blocked him from leaving. In the meantime, Imperato told Plaintiff that, if he obtained prior approval, his videotaping would be fine.

Once the police arrived, Imperato asked the officer to instruct Plaintiff to leave the property for the day so he could "cool off and come back." She claims that she did not ask the officers to tell Plaintiff that he could not return to the mall or that he was banned. Plaintiff claims, however, that contrary to that instruction, the officers told him to "stay off the property" and not to "come back."

    B.   Plaintiff's Amended Complaint

3

Just under two years after this episode, on February 27, 2009, Plaintiff filed a Complaint against the Defendants alleging that their conduct constituted ADA, LAD, and New Jersey Civil Rights violations. Plaintiff subsequently filed an Amended Complaint on January 15, 2010. The Amended Complaint alleges one count of retaliation in violation of the ADA and one count of retaliation in violation of LAD.[2] Plaintiff's ADA claim is that: "Defendants engaged in impermissible retaliation against Mr. Holland in violation of the ADA by revoking his status as a business invitee's [sic] and/or banning him from the premise[s]." Am. Compl. ¶ 20. Plaintiff's LAD claim is substantively identical. There, Plaintiff alleges that "Defendant[s] engaged in impermissible retaliation against Mr. Holland in violation of the LAD by revoking their status as business invitee's and/or banning him from their business premises." Am. Compl. ¶ 22.

The Amended Complaint provides a sparse factual predicate for these claims. It alleges only that:

> 12. On February 28, 2007, plaintiff Holland was at the Deptford Mall, documenting ADA accessibility and denial of access.
>
> 13. Mr. Holland was approached by Deptford Mall Security and retaliated upon.
>
> 14. The Deptford Police were called, and Mr. Holland was told to leave the property and never return.

---

[2] In addition to Plaintiff's ADA and LAD claims, Plaintiff's Amended Complaint also asserted a civil rights violation under the New Jersey Civil Rights Act. However, Plaintiff withdrew that claim in responding to Defendants' motions for summary judgment. Docket No. 73, p. 26 ("Plaintiff withdraws his claims set forth in Count Three in the Amended Complaint.").

Am. Compl. ¶¶ 12-14.

    C.    Defendants' Motions For Summary Judgment And Plaintiff's Summary Judgment Opposition

On May 20, 2011, Defendants Cherobski, Imperato, Korhumel, and Macerich moved for summary judgment. On May 25, 2011 Defendant IPC International, Inc. cross-moved for summary judgment. Those motions were directed at the only retaliatory action <u>directly</u> alleged in the Amended Complaint: Plaintiff's alleged banning from the Mall.

Plaintiff's opposition to Defendants' motions addresses this alleged retaliatory conduct. Docket No. 73, p. 23 ("Plaintiff can establish a *prima facie* case . . . Defendants had no legitimate reason . . . for having Plaintiff . . . told he was not allowed back to the Deptford Mall"). However, it also alleges other retaliatory conduct by Defendants. Some of the other allegedly retaliatory conduct – Defendants' calling of the police and their involvement in directing that Plaintiff leave - was alluded to in the Amended Complaint. <u>Compare</u> Docket No. 73, p. 23 ("Plaintiff can establish a *prima facie* case . . . Defendants had no legitimate reason . . . for having Plaintiff . . . direct to leave . . . Police were called by Imperato requesting plaintiff off the property and not to return") <u>with</u> Am. Compl. ¶ 14 ("The Deptford Police were called, and Mr. Holland was told to leave the property and never return.").

5

But Plaintiff's opposition brief also introduces new allegations of retaliation, not directly alleged or even indirectly alluded to in the Amended Complaint. It alleges that "Security Guard Imperato struck [Plaintiff] on the side of [his] head", that "she continued pursuing [Plaintiff], after [Plaintiff] told her to leave [him] alone", and that he was "detain[ed] by Security Guard Cherobski sitting in his security vehicle and Security Guard Imperato standing next to [Plaintiff's] vehicle refusing to let me leave, holding me there against my will."  Docket No. 73, p. 21.

II.  Standard

Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law."  Mollo v. Passaic Valley Sewerage Commissioners, 406 F. App'x 664, (3d Cir. 2011)(quotation and citation omitted).

When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Products Corp., 720 F.2d 303, 307 n. 2 (3d Cir.1983). However, "the mere existence of

a scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In the face of such evidence, summary judgment is still appropriate "where the record ... could not lead a rational trier of fact to find for the nonmoving party ...." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'" Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(internal citations omitted). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (internal citations and quotations omitted).

III. Analysis

7

As discussed above, there is a clear disconnect between the claims of retaliation pled in Plaintiff's Amended Complaint and the claims articulated in his opposition for summary judgment. Therefore, the Court first addresses the scope of Plaintiff's claims and then turns to whether those claims can survive Defendants' motions for summary judgment.

A.   The Scope Of Plaintiff's Claims

The only direct allegation of retaliation in Plaintiff's Amended Complaint is that the Defendants illegally revoked his status as a business invitee and/or banned him from the Mall in retaliation for investigating potential ADA and LAD violations. Mindful of Plaintiff's pro se status, however, this Court liberally construes the Amended Complaint in assessing the scope of Plaintiff's claims.  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009)("Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally."). Because the Amended Complaint arguably alludes to Defendants' calling of the police and request to the police that they direct that Plaintiff leave the Mall, the Court construes the Amended Complaint as asserting that this conduct, in addition to the alleged banning, constituted improper retaliation.

However, Plaintiff's other claims of retaliation, the alleged striking by Defendant Imperato, Defendant Imperato's following of Plaintiff, and Defendant Cherobski blocking his exit, all first voiced in Plaintiff's opposition to summary

judgment, are not fairly encompassed by the Amended Complaint, even in light of the Court's obligation to construe the complaint liberally.  Watson v. Potter, No. 07-C-413, 2009 WL 424467, at *4 n.2 (N.D.Ill. Feb. 19, 2009)("While courts liberally construe *pro se* plaintiffs' complaints, that principle does not allow a plaintiff to argue that defendant is liable on a theory not even alluded to in the complaint.")(quotations and citations omitted); Hawkins v. Shapiro, No. 9:06-CV-1518, 2009 WL 909838, at *7 (N.D.N.Y. Apr. 2, 2009)(recognizing obligation to "liberally construe *pro se* pleadings as asserting all legal theories supported by the facts" but refusing to credit allegations first raised in the opposition to the motion for summary judgment that were "not even remotely alluded to in the complaint.")  Because Plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment," this Court will not credit these new claims of retaliation.  Bell v. City of Philadelphia, 275 F. App'x 157, 160 (3d Cir. 2008)(citing the rule in the context of a retaliation claim)(quotation and citation omitted);  Smith v. Book-A-Million, 398 F. App'x 437, 437 (11th Cir. 2010)(rejecting, on summary judgment, claim of retaliatory conduct that was not alleged in the complaint); Amboy Bancorporation v. Bank Advisory Grp., 432 F. App'x 102, 111 (3d Cir. 2011)(rejecting new allegations made in an opposition to summary judgment because summary judgment opposition was an

9

improper vehicle to amend the complaint); Boles v. City of Philadelphia Water Dep't, No. 06-1609, 2010 WL 2044473, at *6 (E.D.Pa. May 21, 2010)(refusing to credit new allegations, not in the complaint but advanced in opposition to summary judgment, in support of retaliation claim); Pankey v. Philadelphia Housing Development Corp., No. 09-3943, 2011 WL 1161918, at *6 n.2 (E.D.Pa. Mar. 29, 2011)(holding that an allegation of adverse action, "not alleged in the complaint, cannot be raised for the first time in response to a motion for summary judgment.").

Because, as discussed below, this Court grants Defendants' motions for summary judgment, if Plaintiff intends to assert these new claims, he would be required to file a motion under Rule 59(e). South Jersey Gas Co. v. Mueller Co., Ltd., 429 F. App'x 128, 130-31 (3d Cir. 2011)(holding that Rule 59(e) was the proper vehicle to seek to amend a complaint following dismissal on summary judgment).

B.  Plaintiff's Claims

Under both the ADA and LAD, a plaintiff is required to demonstrate three elements to make out a prima facie case of retaliation: 1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) a causal connection between the protected activity and the adverse action. Cottrell v. Rowan University, 786 F. Supp. 2d 851, 859 (D.N.J. 2011). If a plaintiff "establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate

nondiscriminatory reason for the adverse action against the plaintiff." Cottrell v. Good Wheels, No. 08-1738, 2011 WL 900038, at *5 (D.N.J. Mar. 15, 2011)(quotation and citation omitted). If the defendant demonstrates a legitimate nondiscriminatory reason, the burden then shifts again to the plaintiff to demonstrate that the advanced reason was pretextual. Id. Defendants argue that Plaintiff cannot meet the elements of a prima facie retaliation claim and, even if he could, that they have advanced legitimate nondiscriminatory motivations, which Plaintiff has not rebutted.

Defendants first argue that Plaintiff's videotaping of the Mall does not constitute protected activity that would satisfy the first element of his claims. They argue that mere investigative videotaping is not protected activity, since it is not associated with a live proceeding or claim. They are incorrect. See Cottrell v. Good Wheels, 2011 WL 900038, at *6 n.2 (finding that Richard Holland's photographing of handicapped parking in anticipation of potential complaint constituted protected activity); Cottrell v. Matt Blatt, Inc., No. 11-610, 2011 WL 2975482, at *5 (D.N.J. July 21, 2011)(finding that Richard Holland's approaching of a vehicle to investigate and document it was protected activity). Holding otherwise would frustrate the remedial purpose of these statutes, since it would allow potential violators to take adverse actions against

11

investigators when investigations are in their infancy, potentially thwarting possible claims at the outset.

However, Defendants argue, and this Court agrees, that, to the extent Plaintiff's claim is premised on his allegation that Defendants banned Plaintiff from returning to the Mall, Plaintiffs' claim fails.  Plaintiff presented no evidence that the Defendants had any involvement in the police officer's directive that Plaintiff stay away from the Mall.  This warrants dismissal of this aspect Plaintiff's claim.  See Drwal v. Borough of West View, Pa., 617 F. Supp. 2d 397, 420 (W.D.Pa. 2009)(finding that claim of employment retaliation failed where there was no evidence of the defendants' involvement in the alleged adverse action).  To the extent Plaintiff's Amended Complaint is construed to assert that Defendants calling the police and asking that the police request that Plaintiff leave the premises constituted "adverse actions," Defendants advanced a legitimate nondiscriminatory reason for those actions – Plaintiff's refusal to comply with the Mall's policy and his argumentative and threatening behavior. And Plaintiff has failed to offer any evidence suggesting that those reasons were pretextual, as required.  Cottrell v. Good Wheels, 2011 WL 900038, at *6 (dismissing claims by Plaintiff on summary judgment where Defendants advanced legitimate nondiscriminatory reasons for their conduct and Plaintiff failed to offer evidence showing

that the proffered reason was pretextual).  Accordingly, Plaintiff's retaliation claim fails.

    IV.  <u>Conclusion</u>

For all these reasons, Defendants' motions for summary judgment are GRANTED and the case is DISMISSED with prejudice.

Dated: **December 29, 2011**        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge