[Docket No. 84]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| RICHARD G. HOLLAND,<br><br>        Plaintiff,<br><br>  v.<br><br>MACERICH, TIMOTHY KORNHUMEL,<br>DEPTFORD MALL SECURITY GUARD<br>IMPERATO, DEPTFORD MALL<br>SECURITY GUARD ROBERT<br>CHEROBSKI, IPC INTERNATIONAL,<br>INC., AND JANE DOES,<br><br>        Defendants. | Civil No. 09-914 RMB/AMD<br><br>**OPINION AND ORDER** |

Plaintiff Richard G. Holland ("Plaintiff") has moved for reconsideration of this Court's Order granting summary judgment for the Defendants and to open the judgment to amend his pleadings. For the reasons that follow, Plaintiff's motion is DENIED.

I.  Background

Defendants Macerich, Timothy Kornhumel, Janine Imperator, Robert Cherobski, and IPC International, Inc. ("Defendants") previously moved for summary judgment dismissal of Plaintiffs' claims of retaliation in violation of the Americans with Disabilities Act and New Jersey Law Against Discrimination.

That motion was granted.  <u>Holland v. Macerich</u>, No. 09-914, 2011 WL 6934969 (D.N.J. Dec. 29, 2011).

In this Court's Opinion granting the motion, the Court found that Plaintiff had made claims of retaliation in his summary judgment briefing that were not alluded to in Plaintiff's Amended Complaint, even liberally construing the Amended Complaint.  <u>Id.</u> at *3.  Those claims, the Court held, could not be considered on the motion for summary judgment because plaintiffs are not permitted to amend their complaints through their summary judgment opposition briefing.  <u>Id.</u>  Having granted summary judgment on the properly presented claims, the Court held that, if Plaintiff intended "to assert these new claims, he would be required to file a motion under Rule 59(e)." <u>Id.</u> at *4 (citing to <u>South Jersey Gas Co. v. Mueller Co., Ltd.</u>, 429 F. App'x 128, 130-31 (3d Cir. 2011)(holding that, when a party requests post-judgment amendment of a pleading, Rule 59(e) is the appropriate vehicle for relief).  Plaintiff has now submitted such a motion.  Plaintiff did not, however, submit a proposed amended complaint.

II.  <u>Analysis</u>

Plaintiff has moved for: (1) reconsideration of this Court's summary judgment Order; and (2) to alter or amend the judgment under Rule 59(e).  The Court addresses each request in turn.

A.   Plaintiff's Motion For Reconsideration

In this District, motions for reconsideration are governed by Local Rule 7.1(i), which allows a court to reconsider a decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. July 29, 2011).  The purpose of the motion is to correct manifest errors of law or fact or to present newly discovered evidence.  Id. at *2 (quotation and citation omitted).  Here, Plaintiff has presented no facts or law overlooked by the court and no newly discovered evidence.  Therefore, Plaintiff's motion for reconsideration of the Court's prior Order is DENIED.

B.   Plaintiff's Rule 59(e) Motion

A motion to alter or amend a judgment under Rule 59(e) must be submitted with 28 days after entry of judgment.  Federal Rule of Civil Procedure 59(e).  Plaintiff's motion was made on January 26, 2012, 28 days after this Court's Order dismissing the case on December 29, 2011, and was therefore timely.  When a "timely motion to amend judgment is filed under Rule 59(e), the Rule 15 [motion for leave to amend] and 59 [motion to amend judgment] inquiries turn on the same factors.  These considerations include undue delay, bad faith, prejudice or futility."  In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267,

280 (3d Cir. 2004)(quotation and citation omitted).[1]  A district court may also deny leave to amend where the movant fails to provide a draft amended complaint.  <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001).

Here, leave to amend the complaint is unwarranted on at least three grounds.  First, Plaintiff's delay in seeking leave to amend was undue for a number of reasons:

- (1) Plaintiff already had an opportunity to amend his complaint and did so [Docket Nos. 21, 40].  <u>Id.</u> (holding that while "delay alone is insufficient ground to deny leave to amend", "delay may become undue when a movant has had previous opportunities to amend a complaint");

- (2) Plaintiff sought leave here only after summary judgment was already entered against him, when judicial interests in economy and finality are heightened.  <u>Id.</u> (noting that "the interests in judicial economy and finality of litigation may become particularly compelling" when a plaintiff seeks leave to amend following the entry of summary judgment);

- (3) the claims Plaintiff intends to assert are based on facts known to Plaintiff from the outset.  <u>Adams</u>, 381 F.3d at 280 ("The concept of undue delay includes consideration of whether new information came to light or was available earlier to the moving party."); and

- (4) Plaintiff has advanced no reason for his delay in seeking to amend.  <u>Cureton</u>, 252 F.3d at 273 (noting that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner.").

---

[1]  The Third Circuit's decision in <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212 (3d Cir. 2011) clarified that, while the general liberality of Rule 15(a) is no longer applicable once judgment has been entered, the District Court must still apply the Rule 15(a) factors and not the traditional Rule 59(e) factors on a motion under Rule 59(e) to amend the pleadings to assert new claims after judgment has been entered.  <u>Burtch</u>, 662 F.3d at 230-31.

Second, more fundamentally, Plaintiff failed to submit a proposed amended complaint as required.  Third, Plaintiff's new claims would likely prejudice Defendants by incurring "additional discovery, cost, and preparation to defend against new facts or legal theories."  Id.

   III. Conclusion

   For all these reasons, Plaintiff's motion is DENIED.

                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012